TO BE PUBLISHED

# $\mathscr{S}$upreme Court of Kentucky

## 2016-SC-000355-CF

IN RE: MADISON SEWELL
SCR 2.110 APPLICANT

## OPINION AND ORDER

Madison Sewell ("Applicant"), tendered an application for admission to the Kentucky Bar without examination. Applicant graduated from Stanford Law in 2001 and was admitted to practice law in the state of Washington in 2002. He is currently employed by the Henderson County School System in Henderson, Kentucky, where he teaches pre-law courses at the high school level. Applicant is also a frequent presenter at continuing legal education seminars and District Bar meetings. It appears that Applicant does not currently practice law in any jurisdiction.

As for the basis of his admission without examination, Applicant relies on SCR 2.110. That rule states in pertinent part:

> (1) Any person who has been admitted to the highest Court of the District of Columbia or some sister state and who has been engaged in the active practice of law, in a state or jurisdiction which has reciprocity or comity with Kentucky, for five of the seven years next preceding the filing of an application may be admitted to the bar of this state without examination provided the applicant meets all requirements for admission to the bar under these Rules. **Active engagement in the teaching of the law shall be considered active engagement in the practice of law.** (Emphasis added).

The Kentucky Office of Bar Admissions Character and Fitness Committee ("Committee") denied Applicant's application for admission, concluding that his employment and other instructional endeavors did not constitute "active engagement in the teaching of law[,]" which, the Committee reasoned, "has always been interpreted to be teaching in law school to law students."

It appears that we only have one reported case on point. *Sullivan v. Kentucky State Bd. of Bar Examiners, Character and Fitness Committee*, 563 S.W.2d 713 (Ky. 1978). That case involved an applicant for admission to the Kentucky Bar who was admitted in Ohio and who had taught law at the Salmon P. Chase College of Law for five years prior to his application. The Court held that the applicant's tenure at Chase was sufficient to satisfy SCR 2.110.

In contrast, Applicant cites no legal authority in support of his argument for a broader interpretation of "the teaching of law." However, Applicant states that he has "tried numerous cases in federal court and has argued numerous appeals before the Sixth Circuit, through his work as an Assistant Federal Public Defender and Assistant U.S. Attorney, culminating in his work as a trial attorney for the United States Department of Justice." Applicant also cites his work as a speaker at events sponsored by the Kentucky Bar Association (KBA), and other professional legal organizations. In addition, Applicant notes that his high school students have received college credit for their work in his courses. Furthermore, Applicant has advanced certifications in non-legal

2

disciplines. He also taught Physics and Chemistry in D.C. public school system.

Simply put, SCR 2.110 is inapplicable here. Therefore, we need not discuss whether teaching pre-law at the high school level constitutes "active engagement in the teaching of the law." SCR 2.110 applies to states that have reciprocity with Kentucky. Although Applicant was admitted to the Washington Bar, the basis of his admission without examination is premised on teaching in Kentucky, not Washington or any other state with which Kentucky has reciprocity. As such, the decision in *Sullivan* was misguided and is hereby overruled.

We note in passing that the Applicant's legal experience is impressive, and his teaching experience in Kentucky is laudable. However, the appropriate path for admission without examination in this case was for Applicant to submit his application in a timely manner after he ceased practicing law in a foreign forum and began teaching in Kentucky. At the time Applicant filed his petition, however, Applicant had not been practicing law for the requisite time period in a state that has reciprocity with Kentucky. Therefore, his application was untimely. Considering the unique circumstances, however, Appellant is entitled to a complete refund of his application fee.

ACCORDINGLY, IT IS ORDERED that Applicant, Madison Sewell's Motion for Reconsideration is hereby denied. The Kentucky Office of Bar Admissions shall refund Appellant his $1,500 application fee.

3

All sitting.  All concur.

ENTERED:  December 15, 2016.

_____
CHIEF JUSTICE